L. Reid Skibell (admitted *pro hac vice*)
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
Telephone: (212) 970-1600
Email: rskibell@glennagre.com

Nathan D. Thomas (USB # 11965)
Elizabeth M. Butler (USB # 13658)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 535-1234
Email: nthomas@parsonbehle.com
         lbutler@parsonbehle.com

*Attorneys for Defendant Transpose Platform Management, LLC*

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH**

| | |
|---|---|
| YADAN ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPOSE PLATFORM MANAGEMENT, LLC, TRANG NGUYEN, and YEN "TIFFANY" VUONG,<br><br>Defendants. | **DEFENDANT TRANSPOSE PLATFORM MANAGEMENT, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Case No.: 2:23-cv-00475-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Transpose Platform Management, LLC ("Transpose"), by and through its undersigned counsel, hereby submits this Reply Memorandum (the "Reply") in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF 25] (the "Motion to Dismiss").[1]  In support of the Reply, Transpose states as follows:

## ARGUMENT

Simply put, there is no colorable justification for Transpose remaining in this case. Plaintiff's narrative, which is set forth in the Complaint and emphasized in Plaintiff's Opposition to the Motion to Dismiss [ECF No. 37] (the "Opposition"), is that Defendant Trang Nguyen has waged a personal vendetta against her, a new and relatively junior employee at a Utah state entity ("SITFO").  As part of this supposedly malicious campaign, Plaintiff speculates that Ms. Nguyen sent one defamatory email under an alias and caused one of Transpose's executive assistants, Defendant Yen "Tiffany Vuong, to send two additional allegedly defamatory LinkedIn communications.  While Plaintiff's story is deficient for the reasons set forth in Ms. Trang's motion to dismiss, the fact is that the case is about a personal attack supposedly launched by Ms. Trang.

The claims against Transpose are facially deficient because Ms. Trang is not even alleged to be its employee.  Rather, she is a "founder" (*i.e.*, someone who helped start a business) of Transpose and a "member" of its General Partner, an entirely separate legal entity.  Since Ms. Nguyen was neither an employee nor an owner of Transpose during the time period in question, her conduct is immaterial.

---

[1] Capitalized terms used but not defined herein shall have the meanings given to those terms in the Motion to Dismiss.

1

Even putting that issue to the side, Plaintiff's claims would still be unavailing. None of the alleged misconduct is within the scope of either Ms. Nguyen's or Ms. Vuong's duties. Transpose is an investment manager; it is not in the business of reporting alleged misconduct of employees of a Utah state agency or launching personal attacks against them (or anyone else). Plaintiff's assertion that the alleged defamatory remarks were made in furtherance of Transpose's business interests is neither credible nor supported by adequate factual allegations. The claims against Transpose should be dismissed.

### I.     The Complaint Fails To State A Defamation Claim Against Transpose.

The Complaint alleges that Transpose is responsible for three allegedly defamatory statements. *See* Compl. ¶ 55. The first statement was made in April 2023 in an email sent by an individual using the name Lisa Chang, who Plaintiff claims is actually Ms. Nguyen (the "April Message"). *See id.* The other two statements were made in June in identical LinkedIn messages sent—allegedly at Ms. Nguyen's direction—by Defendant Yen Vuong (the "June Messages"), an executive assistant. *See id.*

The Motion to Dismiss established that the April Message cannot support liability against Transpose because Plaintiff released her claims against it pursuant to the Settlement Agreement. *See* Motion to Dismiss at 8–10. Plaintiff's Opposition *concedes* this fact. *See* Opposition at 21 ("With respect to Transpose, we will focus on the June messages from Transpose employee, Vuong."); *see id.* at 14–16 (arguing that the parties did not intend for Nguyen to be a third-party beneficiary of the release in the Settlement Agreement but declining to raise that argument with respect to Transpose). Accordingly, Plaintiff's defamation claim against Transpose in connection with the April Message must be dismissed. *See C1.G ex rel. C.G. v. Siegfried*, 38

F.4th 1270, 1282 (10th Cir. 2022) (affirming district court's conclusion that plaintiff abandoned claim "by not addressing it in his response to [d]efendants' motion to dismiss"); *Brown v. Nationwide Ins. Co.*, 2023 WL 4174064, at *9 (10th Cir. June 26, 2023) (same); *Mitchell v. Wells Fargo Bank*, 355 F. Supp. 3d 1136, 1168 (D. Utah 2018) (granting motion to dismiss where plaintiff failed to respond to defendant's argument).

Plaintiff's defamation claim in connection with the June Messages fares no better. The Motion to Dismiss established that the June Messages cannot be imputed to Transpose because (i) no principal-agent relationship exists between Ms. Nguyen and Transpose (*see* Motion to Dismiss at 10–12), and (ii) even if a principal-agent relationship did exist, publishing the June Messages was not within the scope of Ms. Nguyen's or Ms. Vuong's employment (*see id.* at 12–14). Rather than refuting these arguments, Plaintiff's Opposition confirms that they are accurate as a matter of law.

First, while the Opposition complains that Transpose "attempts to confuse the issues" by claiming that Nguyen is not Transpose's employee (Opposition at 22), Plaintiff does not dispute that Utah courts respect corporate separateness, such that two legally distinct companies cannot be presumed to be one and the same for the purpose of imputing officer liability from one to the other. *See* Motion to Dismiss at 11; *see also* Opposition at 21–23. Nor does Plaintiff dispute that she must plead facts supporting a principal-agent relationship between Transpose and Ms. Nguyen to state a claim for defamation against Transpose. *See* Opposition at 21–22. Still, the Complaint fails to allege a single fact showing that Transpose employs Ms. Nguyen.

The Opposition attempts to fix this deficiency by claiming that "the term 'General Partner' in the private equity context is not referring to an unrelated legal entity, but to Nguyen's

3

status as a managing partner in a private equity management company." *See* Opposition at 22. It is unclear what type of distinction Plaintiff is attempting to make between related and unrelated companies or why such a distinction would even be relevant. However, the "evidence" Plaintiff cites to support her claim that Ms. Nguyen is employed by Transpose—SEC filings and a screenshot of Transpose's website—confirm the opposite: both state that Ms. Nguyen is a "Member" of Transpose's General Partner. *See* Opposition at 22.[2] Transpose General Partner is a *separate legal entity* from Transpose, which is the named defendant. As such, Transpose cannot be liable for any misconduct that the General Partner (related or not) purportedly carried out. *See Credit Suisse Sec. (USA) LLC v. W. Coast Opportunity Fund, LLC*, 2009 WL 2356881, *3 & n. 23 (Del.Ch. July 30, 2009) ("The limited liability company—at least in the absence of factual allegations supporting 'piercing the veil,' fraud, or the like—is a separate legal entity and that status must be respected"). Because the Complaint fails to allege a principal-agent relationship between Ms. Nguyen and Transpose itself, Plaintiff's defamation claim against Transpose in connection with the June Messages fails as a matter of law.

Second, even if a principal-agent relationship did exist, Plaintiff's defamation claim against Transpose would still fail because the Complaint does not (and cannot) allege that sending the June Messages was in Nguyen's or Vuong's scope of employment. Pursuant to binding precedent, an employee's conduct falls outside the scope of employment if it is "not the general kind of activity an employee is hired to perform," or is driven by "purely personal

---

[2]   The screenshot of Transpose's website was supposedly attached to the Opposition as "Exhibit 4." *See id.* Putting aside that Plaintiff's attempt to amend her Complaint in a brief is improper, the Opposition has only three exhibits, none of which includes a screenshot of Transpose's website. The website is available at https://transposeplatform.vc/auto-teams/.

4

motives…in no way connected with the employer's interests." *Birkner v. Salt Lake Cty.*, 771 P.2d 1053, 1056-57 (Utah 1989); *see also* Motion to Dismiss at 13.  Indeed, even one of the authorities that Plaintiff relies upon concluded that the conduct at issue could not be within the scope of employment as a matter of law because the conduct was inherently personal. *Jackson v. Righter*, 891 P.2d 1387, 1391 (Utah 1995) (affirming dismissal of alienation of affection claim, and explaining that "an employee's conduct is usually not in the scope of employment where the employee's motivation for the activity is personal, even though some transaction of business or performance of duty may also occur.").

      Here, Plaintiff's allegations of misconduct are plainly outside the scope of employment. The Complaint is replete with allegations that Ms. Nguyen was motivated by personal animus to retaliate against Plaintiff.  *See* Compl. ¶ 26 ("Ms. Nguyen was directly responsible for the discriminatory and retaliatory conduct"); *id.* ("Ms. Nguyen, who was an executive of Trusted Insight, was rumored to be in a romantic relationship with [another senior executive], and was jealous and upset about the interest that [this executive] was showing towards Plaintiff); *id.* ("Ms. Nguyen took it upon herself to personally conduct an "internal investigation" of Plaintiff's allegations of sexual harassment"); *id.* ¶ 27 ("Ms. Nguyen further retaliated against Plaintiff by attempting to interfere with Plaintiff's work-sponsored visa application and jeopardize her immigration status by falsely stating to Ms. Zhang's immigration attorney that she was from Trusted Insight's HR department to misrepresent Plaintiff's dates of employment and job duties.").

      The Opposition confirms that, to the extent Ms. Nguyen directed Ms. Vuong to send the June Messages (a fact the Complaint does not adequately allege), she did so for wholly personal

5

reasons, not to further Transpose's business interests.  In Plaintiff's own words: "***Defendant Nguyen is essentially the only individual with the motive, means and opportunity to make the defamatory statements set forth herein***." Opposition at 11 (emphasis added).  If the allegedly defamatory statements were meant to advance Transpose's interests, surely other Transpose employees would also have motive to make them, as well as the means and opportunity to do so.

Plaintiff's claim that the June Messages were intended to further Transpose's interests defies logic.  According to Plaintiff, Ms. Nguyen and Ms. Vuong sent the June Messages because they wanted SITFO to terminate Plaintiff's employment "due to concerns of Plaintiff's influence over SITFO's investment decisions involving Transpose Platform and its affiliate." Compl. ¶ 45.  But the Complaint does not allege any facts suggesting that Transpose was targeting SITFO as a potential client or that Plaintiff would have the ability to influence SITFO's investment decisions in her new role with the company.  Plaintiff's own allegations demonstrate that she does not have the capacity to influence investment decisions at SITFO and that Ms. Nguyen and Ms. Vuong had no reason to believe that she did.  The Opposition attaches a screenshot of SITFO's website identifying the company's investment and management teams, including junior members of the teams.  *See* Opposition, Ex. 2 (listing everyone from the Chief Investment Officer to the Assistant Administrative Analyst).  Plaintiff is not listed there or anywhere else on SITFO's website.  *See* Opposition at 12 ("Plaintiff was not identified on any public database as an employee of SITFO").

And even if Transpose was targeting SITFO as a client and Plaintiff could influence SITFO's investment decisions, the Complaint does not explain why it would serve Transpose's interests to focus SITFO's attention on allegations of misconduct by senior representatives of its

General Partner. *See* Motion to Dismiss at 13, citing Compl. ¶¶ 26-27 (summarizing the lawsuit); ¶ 46 (stating the evidence enclosed with the June Messages). No rational person could believe that bringing salacious claims of impropriety within Transpose's ranks to a prospective client's attention would be good for business or an effective way to initiate a conversation with a prospective. Nor would it make sense for Transpose to task an administrative assistant with delivering such a message. *See* Motion to Dismiss at 13.

The Opposition ignores this glaring inconsistency in Plaintiff's theory of the case and reiterates the Complaint's bald assertion that Ms. Nguyen and Ms. Vuong sent the June Messages because they "saw Plaintiff's employment as an impediment to Transpose's future business with SITFO." Opposition at 23. That assertion is too improbable to be credited as a well-pleaded fact. It is also inconsistent with Plaintiff's claim that Ms. Nguyen and Ms. Vuong "engaged in outrageous and intolerable [conduct] [sic] by making false and defamatory comments to Plaintiff's employers with the intention of inflicting emotional distress[.]" Compl. ¶ 77. The allegation that Ms. Nguyen's and Ms. Vuong's conduct was "outrageous and intolerable" betrays Plaintiff's claim that their actions can be imputed to Transpose and precludes a finding of respondeat superior liability. *See, e.g.*, *Gardner v. United States*, 2015 WL 3791648, at *3 (D. Utah June 18, 2015) (The "kind of outrageous conduct required for intentional infliction of emotional distress is outside the scope of employment.").

As a matter of law, an employer is not liable for the actions of her employees if the conduct is "unprovoked, highly unusual, and quite outrageous." *Birkner*, 771 P.2d at 1057. For this reason, courts routinely grant motions to dismiss *respondeat superior* claims where, as here, the complaint alleges misconduct that is intentionally wrongful. *See, e.g.*, *id.* (dismissing claim

7

for sexual misconduct); *Gardner*, 2015 WL 3791648, at *3 (dismissing claim for intentional infliction of emotional distress); *Jensen v. Xlear, Inc.*, 2020 WL 2431239, at *4 (D. Utah May 12, 2020) (dismissing claims for assault and battery); *Peterson v. SCIS Air Sec. Corp.*, 2017 WL 943923, at *4 (D. Utah Mar. 9, 2017) (dismissing claim for sexual misconduct); *J.H. ex rel. D.H. v. West Valley City*, 840 P.2d 115, 123 (Utah 1992) (same); *C.C. v Roadrunner Trucking, Inc.*, 823 F. Supp 913 (D. Utah 1993) (same); *D.D.Z. v. Molerway Freight Lines, Inc.*, 880 P.2d 1, 5 (Utah App. 1994) (same). Plaintiff's allegation that Ms. Nguyen's and Ms. Vuong's conduct was "outrageous and intolerable" therefore requires dismissal of Plaintiff's defamation claim against Transpose.

## II. The Complaint Fails to State A Tortious Interference Claim Against Transpose.

For the reasons discussed above and in the Motion to Dismiss (*see id.* at 14–15), Plaintiff failed to state a claim for defamation against Transpose. Where, as here, tortious interference claims are based on defamation, the failure to allege defamation warrants dismissal of both claims. *See* Motion to Dismiss at 15. Plaintiff's Opposition concedes as much. *See* Opposition at 24.

Plaintiff's tortious interference claim fails for another, independent reason: Plaintiff has not alleged that it suffered any injury as a result of Transpose's purported tortious interference. *See* Motion to Dismiss at 15. The Opposition argues that the Complaint adequately alleges that she "suffered mental anguish and reputational harm." Opposition at 34. Plaintiff relies on *TruGreen Companies, L.L.C. v. Mower Brothers, Inc.*, 199 P.3d 929, 934 (Utah 2008) for the argument that Utah law allows for recovery of damages for emotional distress or actual harm to reputation in connection with a tortious interference claim. *See id.* The *TrueGreen* court,

8

however, "explicitly state[d]" that it was "ruling on pecuniary losses and not injury to reputation or mental suffering." *TruGreen*, 199 P.3d at 935.

In any event, Plaintiff's cause of action for tortious interference makes no mention of any injury stemming from Transpose's purported interference with the economic relations between Plaintiff and SITFO.  *See* Compl. ¶¶ 66–69.  Plaintiff's third cause of action is therefore facially deficient and should be dismissed.

[*Remainder of page intentionally left blank*]

## CONCLUSION

Based on the foregoing, Transpose respectfully requests that the Court dismiss all claims against it.

DATED this third day of November, 2023.

> L. Reid Skibell (admitted *pro hac vice*)
> **GLENN AGRE BERGMAN & FUENTES LLP**
> 1185 Avenue of the Americas, 22nd Floor
> New York, NY 10036
> Telephone: (212) 970-1600
> Email: rskibell@glennagre.com
>
> Nathan D. Thomas (USB # 11965)
> Elizabeth M. Butler (USB # 13658)
> **PARSONS BEHLE & LATIMER**
> 201 South Main Street, Suite 1800
> Salt Lake City, Utah 84111
> Telephone: (801) 535-1234
> Email: nthomas@parsonbehle.com
>        lbutler@parsonbehle.com
>
> *Attorneys for Defendant Transpose Platform Management, LLC*